KUUKU MNNAH-DONKOH
KMinnahdonkoh@grsm.com

LINDSEY BLACKWELL
LBlackwell@grsm.com



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _08/28/2023_

August 25, 2023

**VIA ECF**
Honorable Barbara Moses U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007-1312

## MEMO ENDORSED

Re:     *Monroe Staffing Services, LLC et al. v. Whitaker*
        Case No.: 1-20-cv-01716-GBD

Dear Judge Moses:

    Pursuant to the Court's Third Revised Case Management Order (ECF Doc. No. 117) (the "Order"), we write to raise discovery disputes related to Plaintiffs' Responses and Objections to Defendant's Second Set of Interrogatories ("Interrogatory Responses"), Plaintiffs' Responses and Objections to Defendant's Second Request for Production ("Responses to Document Requests"), and accompanying document production.[1]

    First, Plaintiffs' Interrogatory Responses were not verified by Plaintiffs as required by Federal Rule of Civil Procedure 33(b).  Defendant requests that Plaintiffs be ordered to provide a written verification of the responses.

    Second, Plaintiffs' document production (consisting of 770 pages, bearing Bates Stamp Numbers STAF-33743 to STAF-34513) does not comply with Federal Rule of Civil Procedure 34(b), which requires a party to produce documents "as they are kept in the usual course of business or [to] organize and label them to correspond with the categories in the discovery request." Plaintiffs' document production contains, *inter alia,* miscellaneous emails, undated and untitled

---

[1] Because Plaintiffs did not serve responses or make their document production until August 17, 2023, Defendant's counsel did not have time to meet and confer with Plaintiffs' counsel prior to filing this letter.  However, it is our understanding that given the time constraint for Defendant to raise any discovery disputes relating to these responses by today, August 25, 2023, the Order does not require Defendant's counsel to meet and confer with Plaintiffs' counsel regarding any disputes prior to filing this letter-motion.

Hon. Barbara Moses, U.S.M.J.
U.S. District Court, S.D.N.Y.
August 25, 2023
Page 2

Excel sheets, screenshots of the e-Verify website, all mixed in together (*i.e.,* not segregated by type of document) and without any apparent organization (*e.g.,* not produced in order of the requests). Additionally, certain documents produced do not appear to relate to any request (such as emails concerning negotiation of the Stock Purchase Agreement and Amendment, which were not requested in Defendant's Second Request for Production and were already produced in response to Defendant's First Request for Production). Plaintiffs' Responses to Document Requests do not identify the documents being produced in response to particular requests by Bates Stamp numbers. For example, in response to Request Number 8 (seeking "documents sufficient to show the identities of KRI's workforce as of the date of Plaintiffs' acquisition of KRI"), Plaintiffs simply responded that they "agree to produce copies of relevant, non-privileged documents". However, none of the documents appear to be responsive to this request; accordingly, Defendant cannot determine whether Plaintiffs contend that they have produced responsive documents and if so, which documents are responsive to this request (perhaps one of the Excel sheets, but again, it is unclear). Accordingly, Defendant requests that Plaintiffs be directed to designate Bates Numbers responsive to each document request.[2]

Third, as mentioned above, in response to Document Request Number 8 (seeking "documents sufficient to show the identities of KRI's workforce as of the date of Plaintiffs' acquisition of KRI"), Plaintiffs' production does not appear to contain any responsive documents. However, it is unlikely that Plaintiffs would *not* be in possession of such documents. Additionally, such documents are relevant for several reasons. For example, KRI's entire workforce as of the date of the acquisition could demonstrate which of the workers in Exhibits C and D to the Second Amended Complaint were working for KRI *as of the date of the acquisition* (as opposed to those employees whose employment ended prior to the acquisition or who were hired after the acquisition). Additionally, such documents could demonstrate the percentage of KRI's workforce that allegedly had Form I-9 deficiencies or e-Verify issues.

Fourth, in response to Document Request Number 9 (seeking "KRI's monthly invoices to customers from August 2018 to present"), Plaintiffs refused to produce the requested invoices. Defendant is seeking the monthly invoices because, upon information and belief, they include the names of all employees who were working for each customer that month, and accordingly, could evidence which employees were on KRI's payroll at the time of the acquisition and when such employees' employment ended (if ever). Such invoices may also demonstrate whether any employees whose employment ended purportedly as a result of I-9 or e-Verify documentation issues were replaced by other individuals in KRI's repository or were able to be replaced by recruitment efforts.[3]

---

[2] Defendant's Second Request for Production contains only 12 individual requests, so designating documents produced in response to each particular request would not be burdensome.

[3] Currently, Plaintiffs have only produced an Excel report claiming to identify employees who were terminated or resigned as a result of I-9 or e-Verify issues (STAF 34325 and STAF 34344). Notably, Plaintiffs have not produced any termination notices or other underlying documents

Hon. Barbara Moses, U.S.M.J.
U.S. District Court, S.D.N.Y.
August 25, 2023
Page 3

Fifth, in response to Document Request Number 4 (seeking "any notices or other communications Plaintiffs sent to any KRI employees regarding the need for verification of employment authorization, including, but not limited to, (i) any Further Action Notice from E-Verify, (ii) any missing Form I-9, or (iii) any technical, substantive, or authenticity issues in any Form I-9, and any responses from any employees received by Plaintiffs regarding same"), Plaintiffs only produced a template (blank) notice to employees. Plaintiffs did not produce any notices to any specific employees.

Finally, in response to Interrogatory Numbers 2 and 4, seeking, *inter alia*, the date of termination/ removal from payroll and last date worked (if applicable) for each employee listed in Exhibits C and D to the Second Amended Complaint, Plaintiff referred to a document (STAF 34325 and STAF 34344) which purportedly lists the approximate end dates of employment for approximately 150 employees who allegedly were unable to provide sufficient documentation for I-9s and/or e-Verify.  Defendant is seeking the termination dates (and if different, the last date worked) for all employees identified in Exhibits C and D, not merely those that Plaintiffs unilaterally deem relevant. Moreover, as discussed *supra,* Plaintiffs have not produced any underlying documentation that would evidence the approximately 150 employees listed in the Excel report were *actually* terminated, much less that such terminations were because of any I-9 or e-Verify issues.  Plaintiffs should not be permitted to respond to these interrogatories by referring to their own self-serving report, which in any event, does not even contain the information requested for all employees in Exhibits C and D.

We thank the Court for its attention to this matter.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP


*Lindsey Blackwell*
Lindsey Blackwell

Nothing in the Court's prior scheduling orders modified the parties' obligation to meet and confer before seeking a discovery conference. The parties are hereby ORDERED to immediately meet and confer, in real time, about the disputes described in defendant's letter. Plaintiffs shall file their response no later than **August 31, 2023**. In that response, plaintiffs shall inform the Court whether any of the disputes have been resolved or narrowed. SO ORDERED.

Barbara Moses
United States Magistrate Judge
August 28, 2023

evidencing those employees' employments ended for such reason and on the dates set forth in the Excel report.